UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| WEEKS MARINE, INC. | CIVIL ACTION |
| VERSUS | NO. 14-231 |
| BRANDON WRIGHT | SECTION "" – MAGISTRATE # |
| | JUDGE |
| | MAGISTRATE |

**COMPLAINT FOR DECLARATORY JUDGMENT**

TO: THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA:

The Complaint of Weeks Marine, Inc. (hereinafter referred to as "Weeks"), a foreign corporation doing business within this jurisdiction, with respect represents:

1.

Plaintiff, Weeks, is a New Jersey corporation authorized to do and doing business within the State of Alabama, and within the jurisdiction of this Honorable Court.

2.

Defendant, Brandon Wright, is a person of the full age of majority and upon information and belief, a citizen and resident of Mobile, Alabama, which is within the jurisdiction of this Honorable Court.

3.

This is an action for a declaratory judgment pursuant to 28 U.S.C. Section 2201 and 2202, brought for the purpose of determining questions of law and fact in an actual controversy between the parties as hereinafter more fully appears.

4.

This Honorable Court has jurisdiction over this matter pursuant to its admiralty and maritime jurisdiction, 28 U.S.C. Section 1333 and Plaintiff invokes the special procedures of Rule 9(h) of the Federal Rules of Civil Procedure.

5.

On or about May 9, 2014, Defendant, Brandon Wright, was employed by Weeks as a deckhand and working aboard the M/V VIRGINIA.

6.

On the aforementioned date, Brandon Wright allegedly sustained personal injuries aboard the M/V VIRGINIA while handling an electrical cord onboard the vessel.  As a result of the alleged accident described herein, Defendant Wright claims to have sustained personal injuries all over his body.

7.

Pursuant to its obligations under the doctrine of maintenance and cure, Weeks immediately began investigating the alleged incident to determine its validity and evaluate the claim.  As part of its investigation, Weeks requested that its representative be permitted to interview Mr. Wright in order to determine how the alleged incident occurred and whether Mr. Wright has a medical condition which triggers Weeks' maintenance and cure obligation.  Mr.

Wright refused to permit Weeks' representative to interview and/or take a statement of him regarding the accident.

8.

As a result of Mr. Wright's refusal to cooperate in Weeks' investigation into his claim, Weeks' investigation has been hindered and Weeks is not in a position to properly evaluate any obligation it may have to pay maintenance and cure benefits. Weeks has the right and obligation to investigate and Mr. Wright has an obligation to cooperate in the investigation.

9.

As the above paragraphs demonstrate, Mr. Wright has arbitrarily and without cause refused to cooperate with Weeks' investigation and Weeks is at the present time withholding maintenance and cure benefits until such time as the claim can be properly evaluated.

10.

Because of Mr. Wright's refusal to cooperate, Weeks seeks a declaration from this Court that it is not responsible for maintenance or cure and seeks a determination with respect to past and future liability for maintenance and cure generally.

11.

Weeks desires to conduct discovery with respect to the accident and Mr. Wright's current and past medical condition.

12.

Weeks avers that any maintenance and cure issues presented in this action will be best adjudicated by declaratory judgment and that is in the best interest of Plaintiff and Defendant to

have their respective rights and duties with respect to the issue of maintenance and cure decided by this Honorable Court.

   WHEREFORE, Weeks Marine, Inc., prays that:

   (a) That this Honorable Court order an expedited hearing on this request for declaratory judgment allowing sufficient time for discovery with respect to the Defendant's medical condition; and

   (b) This Honorable Court enter declaratory judgment in favor of Weeks Marine, Inc., declaring that:

     (1) Brandon Wright is compelled to attend his deposition;

     (2) Brandon Wright's medical condition, whatever it may currently be, is not attributable to events arising out of his employment with Plaintiff;

     (3) In the alternative, that Wright's medical condition has reached the state of maximum medical improvement and no further maintenance and cure is owed by Weeks;

     (4) That Weeks is not liable to Defendant for any maintenance and cure at all for Wright's failure to cooperate;

     (5) That this Court grant such other general, equitable and other relief to which Weeks may be found to be entitled, whether in law, admiralty or equity.

        Respectfully submitted:

        */s/ James Rebarchak*
        JAMES REBARCHAK (REBAJ2308)
        JEFFERSON R. TILLERY (*Pro Hac Vice Pending*)
        C. BARRETT RICE (*Pro Hac Vice Pending*)
        Jones Walker LLP
        201 St. Charles Avenue, Suite 4700
        New Orleans, LA  70170
        Telephone: (504) 582-8616
        Fax:  (504) 582-8015
        *Attorneys for Weeks Marine, Inc.*

## **CERTIFICATE**

I hereby certify that a copy of the above and foregoing has been forwarded to opposing counsel below by U.S. Mail or facsimile, this 23rd day of May, 2014:

Edward Massey
Clay, Massey & Associates P.C.
509 Church St
Mobile AL 36602

        */s/ James Rebarchak*